IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL B. JAMES, | ) | 8:10CV295 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| CITY OF OMAHA, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed his Complaint in this matter on August 6, 2010. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

### I. SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on August 6, 2010, against the City of Omaha. (Filing No. 1 at CM/ECF p. 1.) Plaintiff is a non-prisoner who currently resides in Omaha, Nebraska. (*Id*.; *See* Docket Sheet.)

Condensed and summarized, Plaintiff alleges that on August 20, 2009, Omaha Police Officer Shepherd pulled Plaintiff over, without probable cause, and detained him. (Filing No. 1 at CM/ECF p. 2.) During the stop, the Omaha Police searched the trunk of Plaintiff's car and recovered items. (*Id*. at CM/ECF pp. 3, 8.)

On September 12, 2009, Plaintiff was at the public library when several Omaha Police Officers arrested him and took him to Police Headquarters. (*Id*. at CM/ECF p. 7.) While Plaintiff was detained, Detective Bart asked Plaintiff if he would provide a DNA sample. (*Id*. at CM/ECF p. 8.) Plaintiff refused and asked to call his lawyer. (*Id*.) Plaintiff believes that Detective Bart asked for his DNA to "trump up a rape case against" him. (*Id*. at CM/ECF p. 10.)

On October 26, 2009, Plaintiff was charged with one count of disorderly conduct, one count of disobeying a stoplight and one count of making an improper turn. (*Id*.) Plaintiff ultimately took a plea deal and pled no contest to the disorderly conduct charge stemming from the August 20, 2009, incident. (*Id*. at CM/ECF pp. 11, 21.) Plaintiff now seeks to vacate his disorderly conduct conviction. (*Id*. at CM/ECF pp. 5, 12.) Plaintiff also seeks monetary damages and attorney's fees. (*Id*. at CM/ECF p. 5.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

The court has carefully reviewed Plaintiff's 45-page Complaint. Very liberally construed, Plaintiff's claims are condensed and summarized as follows:

1. Plaintiff's disorderly conduct conviction was obtained in violation of his Fourth and Fourteenth Amendment rights.

2. On August 20, 2009, Plaintiff was stopped by the Omaha Police without a warrant, and without probable cause, in violation of his Fourth and Fourteenth Amendment rights.

3. On September 12, 2009, Plaintiff was unlawfully arrested and taken to Police Headquarters in violation of his Fourth and Fourteenth Amendment rights.

(Filing No. 1.) The court will address each claim in turn.

**A. Plaintiff's Fourth and Fourteenth Amendment Claims Related to his Disorderly Conduct Conviction**

Claims relating to the validity of an individual's conviction may not be brought in a civil rights case, regardless of the relief sought. As set forth by the Supreme Court in *Preiser v. Rodriquez*, 411 U.S. 475 (1973), and *Heck v. Humphrey*, 512 U.S. 477 (1994), if success on the merits of a civil rights claim would necessarily implicate the validity of a prisoner's conviction or continued confinement, the civil rights claim must be preceded by a favorable outcome in habeas corpus or similar proceeding in a state or federal forum. Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. *See Heck*, 512 U.S. at 486-87; *see also Smith v. Holtz*,

87 F.3d 108, 113 (3d Cir. 1996) (applying *Heck* to a claim that would implicate the validity of a future conviction on a pending criminal charge); *Shea v. Ohio*, No. 96-3458, 1997 WL 144228, at *1 (6th Cir. Mar. 27, 1997) (holding *Heck* applicable in a non-prisoner case).

As discussed above, Plaintiff's disorderly conduct conviction resulted from a plea agreement. (Filing No. 1 at CM/ECF p. 11.) Plaintiff now asks this court to vacate his disorderly conduct conviction because the Omaha Police did not have probable cause to stop his vehicle on August 20, 2009. (*Id*. at CM/ECF pp. 5, 12.) However, this claim necessarily implicates the validity of Plaintiff's plea agreement and conviction. Accordingly, the court cannot address Plaintiff's Fourth and Fourteenth Amendment claims relating to his disorderly conduct conviction in an action brought pursuant to 42 U.S.C. § 1983. However, the court will dismiss these claims without prejudice to reassertion in a habeas corpus or similar proceeding.

**B.   Plaintiff's Fourth and Fourteenth Amendment Claims Related to the August 20, 2009, Traffic Stop and his September 12, 2009, Arrest**

In contrast to Plaintiff's claims relating to his disorderly conduct conviction, Plaintiff's allegations regarding the August 20, 2009, traffic stop and his September 12, 2009, arrest are sufficient to nudge his Fourth and Fourteenth Amendment claims for monetary damages relating those incidents across the line from conceivable to plausible. *See Moore v. Sims*, 200 F.3d 1170, 1171-72 (8th Cir. 2000) (per curiam) (concluding that vehicle passenger's claim that he was unlawfully seized after a traffic stop was not barred by *Heck v. Humphrey* because proof that passenger's initial seizure was without probable cause would not invalidate his drug possession conviction that was predicated upon possession of cocaine while in jail and unrelated to the stop of the vehicle). Therefore, Plaintiff's Fourth and Fourteenth Amendment claims for monetary damages relating to the August 20, 2009, traffic stop and his

September 12, 2009, arrest, may proceed.[1]

IT IS THEREFORE ORDERED that:

1. Plaintiff's Fourth and Fourteenth Amendment claims relating to his disorderly conduct conviction are dismissed without prejudice in accordance with this Memorandum and Order.

2. Plaintiff's Fourth and Fourteenth Amendment claims for monetary damages relating to the August 20, 2009, traffic stop and his September 12, 2009, arrest, may proceed.

3. To obtain service of process on Defendant, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send ONE (1) summons form and ONE (1) USM-285 form to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

4. Upon receipt of the completed forms, the Clerk of the court will sign the summons form, to be forwarded with a copy of the Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Complaint, and Plaintiff does not need to do so.

---

[1] Plaintiff names the City of Omaha as the only Defendant in this matter. (Filing No. 1 at CM/ECF p. 1.) As a municipal defendant, the City of Omaha may be liable under section 1983 only if its official "policy" or "custom" caused a violation of the plaintiff's constitutional rights. *Doe By & Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By & Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). While Plaintiff's allegations may not ultimately withstand a motion for summary judgment, they are sufficient to nudge his Fourth and Fourteenth Amendment claims relating to the August 20, 2009, traffic stop and his September 12, 2009, arrest across the line from conceivable to plausible.

5.     Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

6.     Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

7.     The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "**June 15, 2011**: Check for completion of service of summons."

8.     The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal.**

DATED this 15th day of February, 2010.

>BY THE COURT:
>
>s/ Joseph F. Bataillon
>Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.