IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL B. JAMES, | ) | 8:10CV295 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| CITY OF OMAHA, | ) | |
| | ) | |
| Defendant. | ) | |

     This matter is before the court on Plaintiff's Motion for Default Judgment. (Filing No. 13.) Also pending are Plaintiff's Motion for Additional Damages (filing no. 14), Defendant's Objection to Plaintiff's Motion for Default Judgment (filing no. 15), and Plaintiff's Objection to Defendant's Jury Demand (filing no. 16). The court will address each Motion in turn.

### I. *Motion for Default Judgment*

     Plaintiff filed his Motion for Default Judgment on April 18, 2011. (Filing No. 13.) In his Motion, Plaintiff argues that he is entitled to default judgment because Defendant filed its answer one day after the court's April 14, 2011, deadline. (*Id*. at CM/ECF p. 1; *see also* Filing No. 12.) In response, Defendant argues that the one-day delay was "*de minimus*" and the city has meritorious defenses to Plaintiff's Complaint. (Filing No. 15 at CM/ECF p. 1.)

     Although Defendant's Answer is technically one day late, the court has the discretion to relax or modify procedural rules if justice so requires. *See United States v. Layne*, 973 F.2d 1417, 1421 (8th Cir. 1992) (citing *American Farm Lines v. Black Ball*, 397 U.S. 532, 539 (1970)). Here, Plaintiff does not allege, nor does the record reflect, that the late Answer prejudiced him. Therefore, Defendant's Answer is deemed timely filed, Plaintiff's Motion for Default Judgment (filing no. 13) is denied

and Defendant's Objection to Plaintiff's Motion for Default Judgment (filing no. 15) is granted. *See, e.g., Crutcher v. Coleman*, 205 F.R.D. 581, 586 (D. Kan. 2001) (allowing defendant to file answer six months after original deadline, notwithstanding her failure to provide "an adequate reason" where failure caused no prejudice to plaintiff).

## *II. Plaintiff's Motion for Additional Damages*

On April, 18, 2011, Plaintiff also filed a Motion for Additional Damages. (Filing No. 14.) In this Motion, Plaintiff asks for leave to add additional requests for damages to his Complaint. (*Id*. at CM/ECF p. 1.) The court liberally construes Plaintiff's Motion for Additional Damages as a Motion to Amend Complaint. A court should freely give a party leave to amend its pleading when justice so requires. Fed. R. Civ. Pro. 15(a)(2). In addition, the court may consider a pro se plaintiff's amended pleading "as supplemental to, rather than as superseding, the original pleading." NECivR 15.1(b). Therefore, Plaintiff's Motion for Additional Damages, construed as a Motion to Amend Complaint, is granted and the Amended Complaint is treated as supplemental to the original.

## *III. Objection to Jury Demand*

Last, Plaintiff has filed an Objection to Defendant's Jury Demand. (Filing No. 16.) Pursuant to Rule 38(b)(1) of the Federal Rules of Civil Procedure, a party may demand a jury trial "[o]n any issue triable of right by a jury" by "serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served . . . ." Fed.R.Civ.P. 38(b)(1). As discussed above, Defendant's Answer, which contains a jury demand, is deemed timely filed. Plaintiff's Objection to Jury Demand is denied.

2

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Default Judgment (filing no. 13) and Objection to Jury Demand (filing no. 16) are denied.

2. Plaintiff's Motion for Additional Damages (filing no. 14) , construed as a Motion to Amend Complaint, is granted.

3. Defendant's Objection to Plaintiff's Motion for Default Judgment (filing no. 15) is granted.

DATED this 3rd day of May, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.