IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL B. JAMES, | ) | 8:10CV295 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| CITY OF OMAHA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's Motions to Dismiss. (Filing No. 22.) Plaintiff has filed an Objection to the Motion to Dismiss. (Filing No. 24.) Also pending is Plaintiff's Motion for Leave and Motion for Showing of Good Cause. (Filing Nos. 19 and 20.) As set forth below, Defendant's Motion to Dismiss is denied, Plaintiff's Objection is granted and Plaintiff's Motion for Leave and Motion for Showing of Good Cause are denied.

On February 15, 2011, the court performed a detailed initial review of Plaintiff's Complaint. (Filing No. 6.) In that Memorandum and Order, the court liberally construed and analyzed each of Plaintiff's claims. (*Id.*) The court determined that Plaintiff had set forth enough allegations to "nudge" his Fourth and Fourteenth Amendment claims for monetary damages relating to an August 20, 2009, traffic stop and a September 12, 2009, arrest "across the line from conceivable to plausible," the same standard used to resolve a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6). *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Burke v. N. D. Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (holding that a pro se complaint must be construed liberally).

Rather than file an answer, Defendant chose to file a Motion to Dismiss, arguing that Plaintiff's Complaint fails to state a claim upon which relief may be granted. (Filing Nos. 22 and 23.) However, the court already resolved that question and declines to revisit it now. For the reasons set forth in its February 15, 2011, Memorandum and Order, Plaintiff has set forth sufficient facts to nudge his Fourth and Fourteenth Amendment claims for monetary damages relating to an August 20, 2009, traffic stop and a September 12, 2009, arrest, across the line from conceivable to plausible. While Plaintiff's claims may not ultimately withstand a motion for summary judgment, they are enough to withstand the pending Motion to Dismiss.

Also pending are Plaintiff's Motion for Leave and Motion for Showing of Good Cause. (Filing Nos. 19 and 20.) In his Motion for Leave, Plaintiff states that the court misunderstood his Motion for Leave for Additional Damages. (*See* Filing Nos. 14 and 19.) The court construed this Motion as a Motion to Amend and granted it. (Filing No. 18.) Because Plaintiff's request for additional damages is now part of his Complaint, his Motion for Leave is denied.

In his Motion for Showing of Good Cause, Plaintiff responds to the court's "TEXT NOTICE OF FAILURE TO FILE ELECTRONICALLY." (Filing No. 20.) This Notice merely provided Plaintiff with information for future filings; it required no response from Plaintiff. (*See* Filing No. 17.) Although Plaintiff is a pro se litigant, he is not excused him from complying with the court's orders. *Farnsworth v. Kansas City, Mo.*, 863 F.2d 33, 34 (8th Cir. 1988) (per curiam). Accordingly, Plaintiff's Motion for Showing of Good Cause is denied.

IT IS THEREFORE ORDERED that:

1. Defendant's Motion to Dismiss (filing no. 22) is denied without prejudice to reassertion in a motion for summary judgment.

2

2. Plaintiff's Objection to Defendant's Motion to Dismiss (filing no. 24) is granted.

3. Plaintiff's Motion for Leave (filing no. 19) is denied in accordance with the court's May 3, 2011, Memorandum and Order.

4. Plaintiff's Motion for Showing of Good Cause (filing no. 20) is denied.

5. In accordance with Federal Rule of Civil Procedure 12(a)(4)(A), Defendant shall file its answer no later than 14 days from the date of this Memorandum and Order.

6. A separate progression order will be entered progressing this matter to final disposition.

DATED this 5th day of August, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.